**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02191-RGK (SK) | Date | March 27, 2019 |
|---|---|---|---|
| Title | Eathon John English v. Baughman | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

    Petitioner is a California state prisoner serving a sentence imposed under California's Three Strikes law. In 2012, California enacted Proposition 36, which "created a postconviction release proceeding" for prisoners convicted of non-violent or non-serious third strike offenses to seek resentencing. *Williams v. Valenzuela*, 2018 WL 2059644, at *2 (C.D. Cal. Mar. 23, 2018). But relief under Proposition 36 is not mandatory and may be denied in the discretion of the California state court if "the court determines that resentencing would pose an unreasonable risk of danger to public safety." *Id.* Here, in 2017, Petitioner unsuccessfully petitioned for resentencing under Proposition 36 in California state court. (*See* L.A. Super. Ct. BA143618). He then filed the current Petition in August 2018, which was transferred to this Court in March 2019. (ECF 5). However, on the face of the Petition, it "plainly appears" that Petitioner "is not entitled to relief in the district court" for at least two reasons. Rule 4 of Rules Governing Section 2254 Cases; *see also* L.R. 72-3.2 (Summary Dismissal of Habeas Corpus Petition).

    First, the Court has jurisdiction under § 2254 to review a state prisoner's claim "only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Proposition 36 relief is purely a creature of state law; it is not mandated by federal law or the Constitution. Thus, if Petitioner is claiming that he should have received resentencing under Proposition 36 (Pet., ECF 1 at 4-5), that is not a claim reviewable in federal habeas court. *See Williams*, 2018 WL 2059644, at *5 ("Matters relating to state sentencing law generally are not cognizable on federal habeas review."); *Jones v. Super. Ct. of L.A.*, 2016 WL 7638205, at *2 (C.D. Cal. Nov. 17, 2016) (claim that petitioner has a right to resentencing under Proposition 36 "is not cognizable . . . because it pertains solely to the state court's interpretation of state sentencing law").

    Second, even if Petitioner's claim were construed as a cognizable federal claim, he has failed to show that it has been exhausted in California state court. A federal court may not grant habeas relief to persons held in state custody unless they have exhausted available state court remedies by presenting their federal claims up to the California Supreme Court. *See* 28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02191-RGK (SK) | Date | March 27, 2019 |
|---|---|---|---|
| Title | Eathon John English v. Baughman | | |

U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Petitioner admits that he did not bring his claim to the California Supreme Court (Pet. at 5-6) and review of the state appellate docket reveals no filing with Petitioner's name or case number raising that claim on direct or collateral review. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (court may take judicial notice of the state appellate court records). So unless Petitioner proves that he raised his claim in the California Supreme Court, the Petition is unexhausted.

   THEREFORE, Petitioner is ORDERED TO SHOW CAUSE on or before **April 26, 2019** why the Court should not dismiss this action for lack of jurisdiction or failure to exhaust. **If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a "Notice of Voluntary Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV009. **If Petitioner does not file a notice of voluntary dismissal or timely response to this Order to Show Cause, the Court may also recommend involuntary dismissal of the Petition for failure to prosecute and/or obey court orders.** See Fed. R. Civ. P 41(b); L.R. 41-1.